UNITED STATES *v.* JOHN A. STEER Co. (No. 4974)[1]

United States Court of Customs and Patent Appeals, July 10, 1959

*George Cochran Doub, Assistant Attorney General, Richard E. FitzGibbon,* Chief, Customs Section (*Murray Sklaroff* of counsel), for the United States. *Allerton deC. Tompkins* for appellee.

Before WORLEY, Acting Chief Judge, RICH, MARTIN, and JOHNSON (retired), Associate Judges.

---

[1] C. A. D. 715.

WORLEY, Chief Judge, delivered the opinion of the court:

■ This is an appeal from the judgment of the United States Customs Court, Second Division, Abstract 62079, sustaining the importer's protest and holding merchandise consisting of a cable carrier drag chain and spare drag chain classifiable under paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, as parts of machine tools, rather than under paragraph 397 of that Act, as modified by T.D. 51802, as articles composed wholly or in chief value of metal, not specially provided for, as found by the collector.

The pertinent statutory provisions read:

> Par. 372. Machine tools (except jig-boring machine tools) _____ 15% ad val.
> Par. 397. Articles or wares not specially provided for, whether partly or wholly manufactured:

\*      \*      \*      \*      \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, silver, or colored with gold lacquer:

\*      \*      \*      \*      \*      \*

Other (except slide fasteners and parts thereof) _____ 22% ad val.

No testimony was taken, the parties agreeing in open court as follows:

Mr. TOMPKINS [counsel for the importer]: I offer to stipulate that all of the merchandise on the invoice under protest which is invoiced as "cable carrier drag chain" or "cable carrier drag chaun" and spares were assessed with duty at 22½ percent ad valorem under paragraph 397, Tariff Act of 1930 as modified, and consists of a so-called "drag chain" in chief value of metal intended for use with a #300 hot saw, which saw employs a tool for work on metal and is so used and made to importer's specifications, which imported article is illustrated in the two below identified proffered exhibits.

At this point I offer into evidence a catalog or pamphlet to which Government counsel and I have agreed covering descriptive matter, and I ask that it be marked as Illustrative Exhibit 1.

Mr. SKLAROFF [Government counsel]: No objection.

\*      \*      \*      \*      \*

Mr. TOMPKINS: And also this second blueprint to which Government counsel and I have agreed to certain descriptive language, which I ask be marked Illustrative Exhibit 2.

\*      \*      \*      \*      \*

Mr. TOMPKINS: I continue with my proffered stipulation: That the imported article is designed with hinged three-hole separating plates to permit the placing and clamping securely of three flexible armored electrical cable. The power leads of the cable are connected to the saw mechanism and the imported "drag chain" lead link is fastened to the rear of the saw carriage. The function of the said imported article is to confine and protect three flexible armored seven-conductor electric high-voltage cables in conjunction with the forward and reverse traverse of the saw carriage.

I further offer to stipulate that the imported merchandise is designed to protect cables from contact with each other and/or the machine action or any other

object detrimental to the safe and efficient operation of the equipment. Such cables, if unprotected, would tend to scrape together or to form too great or too small an arc, resulting in time to short circuits or cable breakage.

I further offer to stipulate that the above specified hot saw is a machine tool as defined in paragraph 372 of the same act.

I further offer to stipulate that the above-specified saw carriage is an essential and integral part of the #300 hot saw without which said saw could not operate efficiently for its designed purpose.

Mr. SKLAROFF: Upon information obtained from the examiner the Government so stipulates.

The Customs Court sustained the importer's protest, but the Government alleges that action was in error because it resulted from a misinterpretation of the stipulation. The particular language upon which the Government relies is the following statement by the Customs Court:

Since it is not disputed that the *subject merchandise* "is an essential and integral part of #300 hot saw without which said saw could not operate efficiently for its designed purpose" and that "the above specified hot saw is a machine tool as defined in paragraph 372," we are clearly of the opinion that the importation is properly classifiable in said paragraph 372, as modified, *supra*, as "Parts [of machine tools], not specially provided for, wholly or in chief value of metal * * *," and dutiable at the rate of 15 per centum ad valorem, as claimed by plaintiff, upon the authority of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C.C.P.A. (Customs) 322, T.D. 46851. (Italics ours.)

While at first blush the stipulation is easily susceptible of that interpretation, it actually does not support such a conclusion. It does not say that the drag chain itself, which is the imported article, is an "essential" part of the saw, but that the "saw carriage" is of such a nature. In its brief, appellee concedes that to be the case, but argues the end result is the same. We are unable to agree.

It is presumed the collector found every fact to exist to sustain his classification. *United States* v. *Marshall Field & Co.*, 17 Ct. Cust. Appls. 1, T.D. 43309. It is incumbent on the importer to prove that action wrong and the claimed classification correct. The attempt to discharge that dual burden here is based on the stipulation and certain exhibits.

In our opinion the stipulation is clearly lacking in the evidentiary strength necessary to show that the "drag chain" is an "essential" part of the saw within the meaning of that term in the *Willoughby* case where it is stated

It is a well established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article*.

It is unnecessary to point out all the weaknesses of the stipulation. That the drag chain is "designed" to protect cables which would "tend" to behave in a certain fashion falls far short of proving that

it is an "essential" part of the saw. Indeed, the exhibits reflect that the drag chain and saw are sold as independent and separate entities. That fact alone would seem to suggest that the drag chain is not an essential part of the saw in a tariff sense.

Under such facts it becomes necessary to *reverse* the judgment appealed from.